JOHN G. KING v. ISAAC PORTIS and others.

*Foreclosure Sale—Judgment Lien—Registration—Priorities.*

A foreclosure sale of land lying in two counties under a mortgage registered in but one, passes title to the land in both, as against a purchaser under a judgment docketed, subsequently to the foreclosure proceedings, in the county where the mortgage was not registered.

PETITION to Rehear, filed by defendants at June Term, 1878, and heard at June Term, 1879, of THE SUPREME COURT.

KING *v.* PORTIS.

The facts are stated in same case, 77 N. C., 25.   The error assigned is that defendant S. G. Sturgis did not acquire title to the land in controversy by becoming the purchaser at the commissioner's sale at Louisburg in Franklin county on the 7th of November, 1870.

*Mr. J. J. Davis,* for plaintiff:

Defendant not entitled to the land under the sale for fore-closure, the mortgage not having been registered in Nash county. *Moore* v. *Collins,* 4 Dev., 396 ; *Fleming* v. *Burgin,* 2 Ire. Eq., 584.  Execution issuing upon a judgment docketed only in Franklin could not run beyond the limits of that county. *Hardy* v. *Jasper,* 3 Dev., 158.  No *record* in Nash upon which defendant can lay claim to the land.  No deed in this case valid unless registered in that county. Bat. Rev., ch. 35, § 1 ; *Triplett* v. *Witherspoon,* 74 N. C., 475 ; *Hare* v. *Jernigan,* 76 N. C., 471.  Plaintiff's judgment being docketed in Nash created a lien on defendant's land in that county, and his title is good under the sale and purchase.  C. C. P., § 254.  Purchaser not to be held liable for any device of defendant in execution. *Thorpe* v. *Beavans,* 73 N. C., 241.

*Messrs. C. M. Cooke* and *Gilliam & Gatling,* for defendants.

SMITH, C. J.  In the opinion delivered upon the former hearing it is declared that the defendant, S. G. Sturgis, acquired no title to the part of the land lying in the county of Nash ; not by virtue of the sale under the decree, because the mortgage deed was not registered in that county ; nor under the sheriff's sale, which embraces only the land in Franklin county.  " We are therefore of opinion," say the court, " that neither the mortgage nor the judgment was of any effect, as against the plaintiff beyond the county in which they were recorded."

We concur fully in this statement of the law, and if the

defendants' claim rested on this ground alone, we should not hesitate to affirm the judgment. But we think the conclusion reached results from a misapprehension of the merits of the defendants' case and that the question of the validity of the mortgage as affecting the land therein described, beyond the limits of the county in which it was registered, is not material to the determination of the cause.

The defendants' title is derived under the judicial sale of the entire tract of specific and well defined boundary lines, and the conveyance made under the order of the court. The estate in all the land was in the mortgagee, or, for want of registration as against creditors and purchasers, remained in the mortgagor. In one or both the entire title was vested, and both were parties to the action for foreclosure and sale. At the sale and by the deed the whole tract was conveyed to the defendant, who purchased, with all the interest and estate of each of the parties therein, if the court had jurisdiction to decree a sale of the part outside the county lines of Franklin. That such authority is possessed is manifest from the provisions of C. C. P., § 66, which declares that actions "for the foreclosure of a mortgage of real property" must be brought and "tried in the county in which the subject of the action, or *some part thereof*, is situated."

The deed executed by direction of the court is not a "deed of trust or mortgage," effective only against creditors and purchasers from its registration "in the county where the land lieth," but in form and in substance is absolute and unconditional, and when registered passes the estate from the time of delivery, and by relation, from the day of sale.

The defendant thus obtains title to all the land, as well the portion in Nash as that in Franklin, and no estate or interest is left in the debtor to which the lien of the judgment subsequently docketed in the former county could attach ; and hence nothing passes under the sheriff's deed to the plaintiff. If the mortgagor and mortgagee had united

in executing a deed to a stranger, his title would be good against the creditors of the mortgagor. And is the conveyance of the interests of both, under the judicial decree, less comprehensive and operative in its results?

The delayed registration of a deed of trust or mortgage exposes the property meanwhile to the claims of creditors, who may prosecute the same to judgment and execution; but it does not disable the debtor from disposing of the property by a valid conveyance before any lien attaches, nor the court, in a proceeding to which he is a party, from transferring it by a judicial sale. The commissioner's deed having thus divested the mortgagor's estate in the land in Nash, before the docketing of the judgment therein, and transferred it to the defendant, the plaintiff could take nothing by his purchase at the execution sale.

This view seems not to have attracted the attention of the court upon the former argument, and is conclusive of the matter in controversy. This is a proper case to be reviewed, and we readily correct the error pointed out in the former decision. The judgment rendered at June term, 1877, must be reversed and judgment now entered according to the case agreed for the defendant, and it is so ordered.

Error.                                              Reversed.